# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 06-5520

PETER ALFIERI
Plaintiff

RUTH A. KOELLE
Defendant

## *Summons*

Ruth A. Koelle c/o Roger Williams University
One Old Ferry Road, Bristol, RI

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Peter J. Cerilli Plaintiff's attorney, whose address is 56 Pine St., Suite 200 Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: October 23, 2006

(Seal of the Superior Court)

TRUE COPY ATTEST
ALFRED J. HARRIS
CONSTABLE # 6080
10/27/06

S- 135 (REV 10/00)

COPY

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| PETER ALFIERI | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. NO. 06-5520 |
| | ) | |
| | ) | |
| RUTH A. KOELLE | ) | |

# COMPLAINT

## Parties

1. Peter Alfieri is a resident of Barrington, Rhode Island. Plaintiff was a tenured Professor of Foreign Languages at Roger Williams University.

2. Ruth A. Koelle is a resident of Warren, Rhode Island. Defendant Koelle has been or is Dean of the College of Arts and Sciences at Roger Williams University.

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACT

3. Plaintiff Alfieri had a contract with Roger Williams University (hereinafter "the contract") to serve as a professor of foreign languages at Roger Williams University (hereinafter "the University"). Plaintiff had full tenure.

4. Defendant Koelle knew of the existence of plaintiff's contract to serve as a faculty member at the University. Defendant was aware of the specific terms of the contract.

5. Defendant Koelle intentionally interfered with the plaintiff's contract and thereby caused the University to terminate plaintiff's employment on or about January 4, 2005. The University expressly stated that the termination was based upon defendant's negative evaluations of plaintiff's so-called "self-study".

QQ
12-20-06

6. Defendant acted intentionally and without justification in interfering with plaintiff's contract with the University, thereby causing a termination of plaintiff's employment, in violation of his contractual rights and his grant of tenure.

7. Defendant Koelle's intentional acts, included, among other wrongful acts:

a) requiring plaintiff to submit a self-study report before the time stipulated in Article VIII of the contract between the University and plaintiff. Pursuant to the contract plaintiff was not required to submit a self-study report until 2007, during his fifth year of the contract as a faculty member. Defendant Koelle required plaintiff to prepare a self-study report in 2003;

b) denying plaintiff's reasonable requests to teach advanced language courses, which would have allowed him to satisfy evaluative criteria in preparing the self- study report;

c) after requiring plaintiff to submit to a second premature self-study report, defendant Koelle unilaterally overloaded plaintiff with an additional class, without reasonable notice, and in order to render more difficult plaintiff's completion of the self-study;

d) providing plaintiff with erroneous instruction as to the preparation of the self-study and requiring plaintiff to follow a self-study format which was not in accordance with the contract and which ultimately formed the basis for defendant's negative evaluation;

e) refusing to assist plaintiff in the preparation of the self-study report in violation of the contractual provisions which provide for consultation with the Dean for input during the self-study process;

f) intentionally failing to present the self-study report to the Faculty Review Committee as required by the contract, and instead, performing an unilateral evaluation, without having received any input from the university's Faculty Review Committee, all in violation of the contract;

g) making false and disparaging representations relating to the self-study with knowledge of their falsity and for purposes of causing a termination of plaintiff;

h) performing her negative re-evaluation by focusing on areas in violation of the contractual criteria pertaining to re-evaluations.

8. At all times, defendant Koelle acted with an intent to harm the plaintiff without justification.

9. As a result of defendant's intentional acts of interference, as stated above, plaintiff Peter Alfieri was terminated from his employment from Roger Williams University, has suffered a loss of income, loss of benefits, harm to his reputation, injury to his career, emotional pain and suffering, compensatory damages, and was otherwise harmed and damaged.

WHEREFORE, plaintiff Peter Alfieri demands judgment against Defendant Ruth A. Koelle:

- for an aware of compensatory damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
By his Attorneys,

Peter J. Cerilli, Esq.,
#2650
Peter J. Cerilli, PC
56 Pine St., Suite 200
Providence, RI 02903
(401) 272-7800
(401) 274-2780 (fax)

**PLAINTIFF HEREWITH DEMANDS A TRIAL BY JURY.**