**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PETER ALFIERI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RUTH A. KOELLE**<br><br>**Defendant.** | **Civil Action No. 06-510 ML-DLM** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Court should dismiss the action pending before it because it is wholly preempted by Section 301 of the Labor Management Relations Act. Plaintiff Peter Alfieri is a former faculty member at Roger Williams University ("the University") whose employment was governed by a collective bargaining agreement. After the University terminated Plaintiff's employment in January 2005, Plaintiff's labor union proceeded to arbitration under that agreement, challenging the University's decision. That final and binding arbitration process is underway, and the arbitration of Plaintiff's challenge to his termination is scheduled to commence on January 9, 2007. Notwithstanding the controlling collective bargaining agreement and the pending final and binding arbitration, Plaintiff has brought a complaint alleging tortious interference with contract against a dean of the University, Defendant Ruth A. Koelle. Under these facts, Plaintiff's Complaint is wholly preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 ("Section 301"), and accordingly, the Complaint should be dismissed in its entirety.

**Factual Background**

The Complaint alleges the following:[1] Plaintiff was a tenured faculty member and a professor of foreign languages at the University. (Complaint ¶ 3). Defendant Ruth A. Koelle (hereafter "Dean Koelle") is currently and was at relevant times the Dean of the College of Arts and Sciences at the University. (Complaint ¶ 2). Defendant served at the University pursuant to a collective bargaining agreement that exists between Roger Williams University Faculty Association NEARI/NEA and the Board of Trustees of Roger Williams University (a copy of which is attached at Exhibit A to the Affidavit of Christopher M. Neronha, Esq. ("Neronha Affidavit") submitted herewith).[2]

---

[1]All factual allegations in the Complaint are assumed to be true for purposes of this motion only.

[2] In his complaint, Plaintiff refers to a "contract" between him and the University. In paragraph 3 he states that he had "a contract with Roger Williams University . . . to serve as a professor." (Complaint ¶ 3). He later alleges that Dean Koelle required him to submit a self-study report "before the time stipulated in Article VIII of the contract between the University and the Plaintiff." (Complaint ¶7(a)). Because he was a member of the faculty bargaining unit at the University, the "contract" under which Plaintiff served was the collective bargaining agreement between his union, Roger Williams University Faculty Association NEARI/NEA ("the Association") and the Board of Trustees of the University, of which he was a beneficiary as a bargaining unit member. Indeed, Plaintiff's reference to the "self-study report" contained in "Article VIII of the contract" obviously refers to Article VIII of the collective bargaining agreement concerning "Appointment, Evaluation, Promotion and Tenure" of faculty members (including subsection B(3)(a) that sets forth a timeline for the self-study report of faculty members). *See* Exhibit A, pp. 28-34, to the Neronha Affidavit. There is no allegation concerning another contract at issue except for the collective bargaining agreement.

Since the agreement is referred to in the Complaint, "[r]eliance on this document does not convert the present motion to a motion for summary judgment under Fed. R. Civ. P. 56." *See Stein v Royal Bank of Canada*, 239 F.3d 389, 392 (1st Cir. 2001). Further, "when . . . a complainant's factual allegations are expressly linked - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Edwin v. Blenwood Associates, Inc.*, 9 F. Supp.2d 70, 72 (D. Mass. 1998) (quoting *Beddall v State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

In January 2006, the University terminated Plaintiff's employment, "based upon Defendant's negative evaluations of plaintiff's so-called 'self-study.'" (Complaint ¶ 5).

Article IX(A) of the collective bargaining agreement states that no tenured member of the faculty bargaining unit shall be terminated without just cause. *See* Exhibit A, p. 43, to the Neronha Affidavit. Article X of the collective bargaining agreement provides for at the conclusion of the grievance process final and binding arbitration pursuant to the rules of the American Arbitration Association ("AAA"). *See* Exhibit A, pp. 44-45, to the Neronha Affidavit. The Association filed a grievance on Plaintiff's behalf concerning his termination, and the matter proceeded to final and binding arbitration before an arbitrator selected through the AAA. *See* Neronha Affidavit at ¶ 6. The hearing before the arbitrator is scheduled to commence on January 9, 2007. *Id.*

In his Complaint, Plaintiff alleges a single count against Dean Koelle – tortious interference with contract. Plaintiff brought this action in the Providence County Superior Court. Defendant removed the action to this Court based on the complete preemption of Plaintiff's claims pursuant to Section 301.

**Argument**: **Plaintiff's Claims Should Be Dismissed With Prejudice**.

Plaintiff's complaint must be dismissed because it is completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 ("Section 301"). Plaintiff's employment was governed by a collective bargaining agreement. Pursuant to that agreement, Plaintiff has had a grievance filed on his behalf, which has proceeded to be scheduled for a binding arbitration hearing that will determine whether the University had just cause to terminate

his employment pursuant to the collective bargaining agreement. The resolution of Plaintiff's cause of action requires an interpretation of this agreement under well-established labor law principles. Accordingly, Plaintiff's claim is entirely preempted.

**1**. **Plaintiff's Claims Are Preempted By Section 301**.

Plaintiff cites to the collective bargaining agreement in his complaint as the "contract" that he had with the University which was alleged interfered-with by Dean Koelle. Plaintiff's claim against Dean Koelle specifically and unequivocally related to an interpretation of his rights and the University's obligations under the collective bargaining agreement and accordingly are preempted by federal labor law.

The standards governing preemption of claims by Section 301 are well-established. Section 301 provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

A plaintiff's state-law claim is preempted by Section 301 if the resolution thereof necessarily entails a review of the governing collective bargaining agreement. *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362 (1990); *Lingle v. Norge Division of Magic Chef, Inc*., 486 U.S. 399 (1988). As stated by the First Circuit, "Section 301 preempts a state law claim, whether founded upon the state's positive or common law, if a court, in passing upon the claim, would be required to interpret the collective bargaining agreement. In practice, this test boils down to whether the asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement." *Flibotte v.*

*Pennsylvania Truck Lines, Inc*., 131 F.3d 21, 26 (1st Cir. 1997), *cert. denied*, 523 U.S. 1123 (1998) (internal citation omitted). The court further explained:

> [A] state-law claim can 'depend' on the 'meaning' of a collective bargaining agreement in two ways. First, a claim so qualifies if it alleges conduct that arguably constitutes a breach of a duty that arises pursuant to a collective bargaining agreement. *See United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990) ('[A] state-law tort action against an employer may be pre-empted by §301 if the duty to the employee of which the tort is a violation is created by a collective-bargaining agreement and without existence independent of the agreement.'). Second, a claim so qualifies if its resolution arguably hinges upon an interpretation of the collective bargaining agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (finding Section 301 preemption 'when resolution of a state-law claim is substantially dependent upon analysis of the term of an agreement made between the parties in a labor contract.'). If a state-law claim depends on the meaning of the collective bargaining agreement in either of these ways - that is, under *Rawson's* 'duty' rubric or under *Allis-Chalmers's* 'interpretation' rubric -- it is preempted.

131 F.3d at 26. In *Flibotte*, the court found that the plaintiff's state-law negligence and intentional infliction of emotional distress claims against his former employer were preempted by Section 301 because they required inquiry into the employer's rights and obligations under the applicable collective bargaining agreement.

Applying either of the standards for preemption set forth in *Flibotte*, Section 301 clearly preempts Plaintiff's count against Dean Koelle for tortious interference of contract. In his complaint, Plaintiff alleges that interference with [Plaintiff's] contractual relationship with the University was intentional and unjustified "interfering with plaintiff's contract with the University." (Complaint ¶¶ 6-8). Based on these allegations, it is apparent that Plaintiff alleges that Dean Koelle caused a breach of a duty that the University owed him under the collective bargaining agreement. Moreover, the supposed wrongfulness of that conduct (which interfered with Plaintiff's rights under the collective bargaining agreement) depends wholly upon an

interpretation of that agreement. Accordingly, this claim is preempted. Indeed, the First Circuit (as well as numerous other Circuit and district courts) has recognized and held that intentional interference with contract claims brought against a supervisor in a unionized setting are preempted by Section 301. *See Magerer v. John Sexton & Co.*, 912 F.2d 525, 531 (1st Cir. 1990) ("The determination of whether [a supervisor] induced [the employer] to break its employment contract with plaintiff would require the court to decide whether [the employer] was entitled to discharge plaintiff under the terms of the collective bargaining agreement. In other words, the interference with contractual relations claim would require an interpretation of the collective bargaining agreement. It is therefore preempted by Section 301."); *see also Acciavatti v. Professional Services Group, Inc.*, 982 F. Supp. 69, 76 (D. Mass. 1997) ("The ultimate determination of whether [the employer] 'broke' the contract and whether [a supervisor] improperly induced [the employer] to do so turns on an initial determination of whether [the employer] was entitled to discharge [the plaintiff] under the CBA's terms. In effect, this claim requires direct interpretation of the CBA and is, therefore, preempted by Section 301."). *Accord*, *Mattis v. Massman*, 355 F.3d 902, 906-907 (6th Cir. 2004) (Section 301 preempts claim for interference with advantageous economic relationship; "the question of whether [a supervisor] 'interfered' with [plaintiff's] business relationship would require us to delve into the rights and responsibilities of plant supervisors under the CBA."); *Steinbach v. Dillon Companies, Inc.*, 253 F.3d 538, 541 (10th Cir. 2001) (Section 301 preempts tortious interference claim; "[i]n this case, whether the store manager was justified in calling plaintiff back to work and instituting disciplinary proceedings still requires evaluation [of] the manager's authority under the collective bargaining agreement, and therefore the issue is preempted under §301 of the LMRA.

The district court was correct, therefore, in finding plaintiff's tortious interference claim preempted.").

As clearly recognized by the courts facing this issue, Section 301 preempts state court claims alleging tortious interference with contract against a supervisor who allegedly wrongfully interfered with an employee's contractual rights under a collective bargaining agreement. These claims call for review and interpretation of the collective bargaining agreement and thereby belong only in the forum contemplated and agreed to within the collective bargaining agreement – binding, final arbitration. Plaintiff has and is exercising his rights in arbitration, and therefore, his complaint pending in this court must be dismissed.

**Conclusion**

For all the above reasons, Plaintiff's Complaint must be granted and the Complaint dismissed, with prejudice.

Respectfully submitted,

RUTH A. KOELLE

By Her Attorneys

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

_/s/ Joseph P. McConnell________
Joseph P. McConnell (No. 5086)

Date: December 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Peter J. Cerilli, Esq., by filing of this document through the court Electronic Case Filing and Notice of Electronic Filing systems on this 1st day of December 2006.

_____/s/ Joseph P. McConnell_________