**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PETER ALFIERI,<br>Plaintiff, | |
| v. | **Civil Action No. 06-510-ML-DLM** |
| RUTH A. KOELLE<br>Defendant | |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Peter Alfieri hereby moves to remand this matter to the Rhode Island Superior Court. In support of the within motion plaintiff submits the accompanying Memorandum of Law.

Respectfully submitted,
Plaintiff Peter Alfieri,
By his Attorney,

/s/ Peter J. Cerilli
Peter J. Cerilli, Esq., #2650
Peter J. Cerilli, PC
56 Pine St., Suite 200
Providence, RI 02903
(401) 272-7800
(401) 274-2780 (fax)
E-mail: Peter@cerilli.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December, 2006, I caused the foregoing document to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification:**
Joseph P. McConnell, Esq. c/o Morgan, Brown & Joy, LLP, 200 State Street, Boston, MA 02109

/s/ Peter J. Cerilli
Peter J. Cerilli, Esq. # 2650

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PETER ALFIERI,<br>Plaintiff, | |
| v. | **Civil Action No. 06-510-ML-DLM** |
| RUTH A. KOELLE<br>Defendant | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

The Court should deny defendant's motion to dismiss and remand this matter to the Rhode Island Superior Court. Removal of plaintiff's state law tort claim and preemption by Section 301 of the Labor Management Relations Act are not appropriate because adjudication of plaintiff's claim does not require an interpretation of a collective bargaining agreement.[1]

Plaintiff Peter Alfieri is a former tenured professor at Roger Williams University ("the University"). Despite his full tenured status he was terminated by the University. Plaintiff's termination is the subject of a pending arbitration brought under the collective bargaining agreement

---

[1] It is a matter of general law that the party removing the case has the burden to establish facts showing federal jurisdiction. ***Wilson v. Republic Iron and Steel Co.***, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921). In considering removal, courts strictly construe the removal statutes in favor of remand and against removal. ***Bosky v. Kroger Texas, LP***, 288 F.3d 208, 211 (5th Cir. 2002).

between plaintiff's union and the University. The issue of whether the termination was appropriate and for just cause will be determined in that separate arbitration proceeding. Notably, the instant action is not brought against the University, but against defendant Ruth A. Koelle, who was Dean of the College of Arts and Sciences at the University (Complaint, paragraph 2). Plaintiff's claim alleges that Defendant Koelle "tortiously" and "... intentionally interfered with plaintiff's contract and thereby caused the University to terminate the plaintiff's employment. . .". (Complaint, paragraph 5) Plaintiff's cause of action is based on state common law which recognizes an action for tortious interference with contractual relations. ***See, Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc.***, 51 F. Supp. 2d 81 (D. R.I. 1999).

In his complaint, plaintiff alleges intentional tortious conduct on the part of defendant Koelle. The conduct includes:

a) "denying plaintiff's reasonable requests to teach advanced language courses" (Complaint, paragraph 7[b]);

b) unilaterally overloading plaintiff with additional classes, without reasonable notice and in order to render more difficult plaintiff's completion of a self-study report (Complaint, paragraph 7[c]);

c) providing plaintiff with erroneous instruction as to preparation of a self-study report (Complaint, paragraph 7[d]);

d) refusing assistance to plaintiff in preparation of a self-study report (Complaint, paragraph 7[e]);

e) "intentionally failing to present a self-study report to the Faculty Review Committee, and instead, performing a unilateral evaluation" (Complaint, paragraph 7[f]);

f) "making false and disparaging representations" concerning plaintiff (Complaint, paragraph 7[g]);

g) requiring plaintiff to submit a self-study report prematurely and providing a negative re-evaluation based upon inappropriate criteria (Complaint, paragraphs 7[a] and [h]}.

Plaintiff further alleges that all of such conduct was done with an intent to harm and without justification. As a result of defendant's tortious conduct, plaintiff was terminated and suffered consequential damages.

**Argument** **Removal of plaintiff's state law claim and preemption of the claim is not appropriate because the claim will not require interpretation of the collective bargaining agreement.**

The preemption doctrine does not preclude all state claims that are somehow linked to a labor dispute. ***Lydon v. Boston Sand & Gravel Company***, 175 F.3d 6 (1st Cir. 1999). The doctrine is "...extended to preempt state law remedies whenever resolution of plaintiff's claim is substantially dependent on analysis of a CBA's terms". ***Lyndon v. Boston Sand & Gravel Company, supra.,*** at 10, (***citing, Allis-Chalmers Corp. v. Lueck***, 471 U.S. 202, 105 S.Ct. 1904.)

While plaintiff's complaint alleges and refers to the contract with the University, the mere contractual reference is not enough to require removal and preemption of the claim. ***Lingle v. Norge Division of Magic Chef, Inc.***, 486 U.S. 399, at 413, note 12, 108 S.Ct. 1877. ("...an application of state law is pre-empted by §301 of the Labor Management Relations Act. 1947 only if such application requires the interpretation of a collective bargaining agreement" ***Lingle, supra.,*** at 12; "...the bare fact that a collective bargaining agreement will be consulted in the course of state law litigation plainly does not require the claim to be extinguished", ***Lyndon, supra.,*** at 10). Defendant has not sustained its burden of proof to demonstrate any real interpretive dispute involving the contract. While reference to the collective bargaining agreement may be necessary, there is nothing for the court to "interpret". ***See, e.g., Lydon v. Boston Sand and Gravel Company***, 175 F.3d 6, 10 (1st Cir.1999); ***Martin v. Shaw's Supermarkets, Inc.***, 105 F.3d 40, 42 (1st Cir. 1997)

("our premise is that this means a *real* interpretive dispute and not merely a pretended dispute". [emphasis in original]). In the present case, there is no real interpretive dispute involving the collective bargaining agreement and this defendant has demonstrated "not even a pretended dispute".

Defendant's removal of this matter to state court and motion to dismiss is based upon its broad based assertions that plaintiff's claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 ("Section 301"). Defendant argues that simply because plaintiff's employment was governed by a collective bargaining agreement, the resolution of plaintiff's claims necessarily entails a review of the collective bargaining agreement. However, the issues of whether removal and preemption are appropriate require a detailed analysis of the specific state law claim elements in order to determine whether claim resolution requires "real interpretation" of the collective bargaining agreement. In analyzing the state law claim, the court must "locate the line between the need for mere consultation of a CBA, which does not demand federal preemption, and more active interpretation of that agreement, which does preempt the state law claims". ***Lydon v. Boston Sand & Gravel Company, supra.*** at page 10. This means that preemption is required only when there is a "*real* interpretive dispute" (emphasis in original) ***Martin v. Shaw's Supermarkets, Inc.***, 105 F.3d 40, 42 (1st Cir. 1997). Plaintiff's state law claim here focuses only on defendant's conduct which caused plaintiff's termination. The instant action is not brought against plaintiff's employer and does not allege that plaintiff's employer breached the collective bargaining agreement.

Plaintiff's claim is brought under well-established Rhode Island law recognizing a claim for tortious interference with contractual relations. In such a case, plaintiff must prove that (1) a contract existed; (2) defendant knew of the contract; (3) defendant intentionally interfered with the contract; and (4) the interference caused plaintiff damages. ***Ed Peters Jewelry Co., Inc. v. C& J Jewelry Co.,***

***Inc.***, 51 F.Supp. 2d 81, 101 (D.R.I. 1999). Under Rhode Island law it is not necessary to establish a *per se* breach of contract. As the court noted in ***Ed Peters***:

> ". . .the requisite interference encompasses more than the encouragement of a breach of the contract, but including *any act 'which retards, makes more difficult, or prevents performance, or makes performance of a contract of less value to the promisee*'" (***quoting, Smith Dev. Corp. v. Bilow Enterprises, Inc.***, 112 R.I.203, 308 A.2d 477 at 482. (emphasis added)

In the present case, the complaint focuses on the defendant dean's conduct in retarding, making more difficult and preventing the plaintiff from performing his academic obligations as a professor at Roger Williams University. The focus is entirely on defendant's conduct. Such a conduct-focused claim does not involve contract interpretation. As the Supreme Court noted in ***Lingle***, ***supra.***, holding and finding that preemption was not appropriate:

> "Each of these purely factual questions pertains to the conduct of the employee and the conduct and motivation of the employer. Neither of the elements requires a court to interpret any term of a collective bargaining agreement" ***Lingle, supra.*** at 407.

***See also, Flibotte v. Pennsylvania Truck Lines, Inc.*** 131 F.3d 21, 25 (1st Cir. 1977), ***cert. denied***, 523 U.S. 1123 (1998)("purely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a collective-bargaining agreement").

While it is true that the pending arbitration proceeding against the employer University will determine whether it had "just cause" to terminate the plaintiff under the collective bargaining agreement (Exhibit A, page 43 to defendant's Neronha affidavit), that does not mean that a similar determination of the plaintiff's state law interference claim requires preemption. ***Lingle v. Norge Division of Magic Chef, Inc.***, 486 U.S. 399, at 409-10, 108 S.Ct. 1877 (mere parallelism between a state-law claim and a federal contract does not necessarily require state court interpretation of the

CBA). In the seminal case of ***Lingle v. Norge Division of Magic Chef, Inc.***, the United States Supreme Court overruled the District and Court of Appeals rulings that plaintiff's state law claim was preempted by Section 301. In that case, plaintiff was terminated for exercising rights under the Illinois Workers Compensation Act. The matter was removed to Federal Court. In holding that preemption was not appropriate, the Supreme Court noted that the state law claim

> ". . .might well involve attention to the same factual considerations as the contractual determination of whether Lingle (the employee) was fired for just cause. But we disagree with the court's conclusion that such parallelism renders the state-law analysis dependent upon the contractual analysis."

***Id.*** at 408. The court held that even if dispute resolution under the collective bargaining agreement would require "addressing precisely the same set of facts" as under the state law claim, preemption is not required when the claim is independent of the agreement. ***Id.*** at 407,410

Under plaintiff's Rhode Island state law claim, he must prove that defendant's conduct interfered with his own performance of his duties, and thereby caused termination and damages. Breach is not in issue. It is even conceivable that the University could prevail under the arbitration proceeding and yet, defendant here could still be found to have wrongfully interfered with plaintiff's contractual relationship. As such, plaintiff's state law claim is "independent" of the collective bargaining agreement. ***Lingle v. Norge Division of Magic Chef, Inc.***, 486 U.S. 399, 108 S.Ct. 1877. Indeed, plaintiff's rights, tenure and duties, and his dispute with the defendant dean derive from a source extrinsic to the collective bargaining agreement - the common law principles of academic freedom and tenure. These rights, duties and principles are set forth in the 1940 Statement of Principles on Academic Freedom and Tenure (1940 Statement of Principles)which has been generally accepted throughout the American academic community at large and is expressly endorsed

by the University (See Collective Bargaining Agreement Appendix B, Plaintiff's Exhibit 1). [2] Indeed, the Rhode Island Supreme Court has expressly acknowledged the 1940 Statement as an expression of the "custom and usage of the academic community to discern the common understanding of tenure". ***Drans v. Providence College***, 383 A.2d 1033 (R.I. 1978) at 1038. This statement recognizes the rights of academic freedom, duties and tenure which are at the heart of the dispute between the plaintiff and defendant Dean Koelle. Plaintiff's tort claim involves only tangential reference to the collective bargaining agreement, but the factual disputes concerning defendant's conduct arise from the rights and duties existing in the common custom and usage of the academic community. As such, they derive from a source extrinsic to the collective bargaining agreement, and are independent of the contract. ***See, Flibotte v. Pennsylvania Truck Lines, Inc.***, 131 F.3d 21 at 26 (1st Cir. 1977), ***cert. denied***, 523 U.S. 1123 (1998).

The cases relied upon by defendant in its memorandum are distinguishable in that all necessarily required *interpretation* of a collective bargaining agreement. For example, ***United Steelworkers of America, AFL-CIO-CLCL v. Rawson***, 495 U.S. 362 (1990) was an action by minors against the union; ***Flibotte v. Pennsylvania Truck Lines, Inc.***. ***supra.,*** was an action of an employee against employer trucking company; and the remaining cases, ***Magerer v. John Sexton & Co.***, 912 F.2d 525, (1st Cir. 1990); ***Mattis v. Massman***, 355 F.3d 902 (6th Cir. 2004) and ***Steinbach v. Dillon Companies, Inc.***, 253 F.3d 538 (10th Cir. 2001), were all cases brought not only against the supervisory employee but the employer as well. [3]

---

[2] While the University has endorsed the 1940 Statement, it has not been incorporated into the contract but only referenced as an appendix.

[3] For example, ***Magerer v. John Sexton & Co.***, 912 F.2d 525 (1st Cir. 1990) was a claim against plaintiff's employer and supervisor. The latter was sued under the Massachusetts law of

In sum, since the resolution of plaintiff's state law claims do not require interpretation of the collective bargaining agreement, this matter was not appropriate for removal and preemption under Section 301 consistent with the holding and analysis set forth in ***Lingle, supra.*** and its progeny.

Respectfully submitted,

/s/ Peter J. Cerilli
Peter J. Cerilli, Esq., #2650
Peter J. Cerilli, PC
56 Pine St., Suite 200
Providence, RI 02903
(401) 272-7800
(401) 274-2780 (fax)
E-mail: peter@cerilli.com

**CERTIFICATION**

I hereby certify that on the 15th day of December, 2006, I caused the foregoing document to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification:**

Joseph P. McConnell, Esq. c/o Morgan, Brown & Joy, LLP, 200 State Street, Boston, MA 02109

/s/ Peter J. Cerilli
Peter J. Cerilli, Esq. # 2650

intentional interference with contract. An analysis of the Commonwealth's common-law claim for tortious interference requires proof that defendant "...knowingly induced the third party to break that contract. ...". ***United Truck Leasing Corp. v. Geltman***, 406 Mass. 811, 551 N.E.2d 20 at 812. Such is not the case under Rhode Island law, nor has a breach of contract been alleged here.