**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**PETER ALFIERI,**

**Plaintiff,**

**v.**

**RUTH A. KOELLE,**

**Defendant.**

**Civil Action No. 06-510 ML-DLM**

# DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION TO DISMISS AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Ruth A. Koelle respectfully submits this Memorandum both as her Reply Memorandum in Further Support of her Motion to Dismiss and as her opposition to Plaintiff's Motion to Remand, because the same issue is dispositive of both motions: whether Plaintiff's claim is preempted by § 301 of the Labor Management Relations Act ("§ 301"). Defendant submits that the Court should both deny the motion to remand this case to the Rhode Island Superior Court and grant Defendant's motion to dismiss with prejudice because Plaintiff's sole claim for tortious interference with contract depends on the meaning of the collective bargaining agreement between the Roger Williams Faculty Association NEARI/NEA and the Board of Trustees of Roger Williams University (the "CBA"), and as such it is wholly preempted by § 301.

## Argument: Plaintiff's Claim Depends on the Meaning of a Collective Bargaining Agreement

As set forth at length in Defendant's moving memorandum, a state law claim depends on the meaning of a collective bargaining agreement and is therefore preempted by § 301 if it alleges a breach of a duty under a collective bargaining agreement or its "resolution *arguably*

hinges upon an interpretation of the collective bargaining agreement." *Flibotte v. Pennsylvania Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997) (emphasis added). In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Motion to Remand ("Plaintiff's Memorandum"), he blatantly ignores the plain language of his Complaint to argue both that he has not alleged a breach of a duty under the CBA and that resolution of his claim does not require interpretation of the CBA. A simple reading of the Complaint conclusively demonstrates that this is not so – he clearly alleges breaches of the CBA by Dean Koelle and alleges other improper acts that are directly related to and governed by the CBA, thereby requiring its interpretation.

**A. Plaintiff's Complaint Alleges Conduct in Breach of the CBA**

On pages 4 and 5 of Plaintiff's Memorandum, he argues that not only has he not alleged a breach of the CBA, but also that a tortious interference with contract claim does not require a breach, but mere interference. While the latter legal point may be true, *see Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 51 F. Supp. 2d 81, 102 (D.R.I. 1999), the former characterization of the Complaint's allegations is completely inaccurate. Plaintiff claims numerous breaches of the CBA by Dean Koelle in his Complaint. For example, Plaintiff claims that Dean Koelle breached the CBA in the following ways:

- Required a self-study report from plaintiff in 2003, although the CBA did not require a self-study report until 2007. (Compl. ¶ 7(a).)

- "[R]efus[ed] to assist plaintiff in the preparation of the self-study report *in violation* [of the CBA] provisions." (*Id.* ¶ 7(e) (emphasis added).)

- "[I]ntentionally fail[ed] to present the self-study report to the Faculty Review Committee as required by the [CBA] contract." (*Id.* ¶ 7(f).)

- "[P]erform[ed] her negative re-evaluation [of Plaintiff] by focusing on areas *in violation of the contractual criteria* pertaining to re-evaluations." (*Id.* ¶ 7(h) (emphasis added).)

These are plainly allegations of a breach of the CBA.[1] Plaintiff's mischaracterization of these allegations in Plaintiff's memorandum as allegations of "retarding, making more difficult, and preventing" his performance under the CBA is simply misleading. He is clearly alleging various breaches of the CBA. Accordingly, his claim is preempted by § 301. This Court should therefore deny remand and dismiss the Complaint in its entirety with prejudice. *See Flibotte*, 131 F.3d at 26 (citing *United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990).)

**B. Plaintiff's Claim Requires Interpretation of the CBA**

Plaintiff also tries to salvage his claim from § 301 preemption by arguing that resolution of his tortious interference claim will not require interpretation of the CBA. But, in his Complaint, Plaintiff claims that Dean Koelle's alleged interference with his contract caused the termination of his employment with the University, and that the loss of his employment caused his damages, including loss of income and benefits and emotional distress. (Compl. ¶¶ 6 & 9.) As in *Flibotte*, 131 F.3d at 27, in order to prevail on his claim and recover the damages sought, Plaintiff must show that the University wrongfully discharged him, and an inquiry in the proprietary of Plaintiff's termination requires "substantial inquiry into the intricacies of the collective bargaining agreement." This inquiry mandates § 301 preemption. *See id.*

Moreover, an examination of the specific allegations also demonstrates that a close examination of the CBA is required to determine whether Dean Koelle acted tortiously or not. For example, the following allegations require examination and interpretation of the CBA:[2]

---

[1] In the face of these allegations which plainly allege breach of the CBA, Plaintiff further contends that the dispute at issue here derives not from the CBA but the 1940 Statement of Principles on Academic Freedom and Tenure. (*See* Pl.'s Mem. at 7-8.) This contention is not only disingenuous, but is belied by the fact that the Complaint itself does not contain one reference to the 1940 Statement of Principles on Academic Freedom and Tenure, but has numerous references to the CBA and alleged breaches thereof.

[2] As set forth in Defendant's Memorandum in Support of her Motion to Dismiss, reliance on the CBA does not convert the motion to dismiss to a summary judgment motion. Moreover, because it is referred to and heavily relied upon in the Complaint, it has effectively been merged into the pleadings. (*See* Moving Mem. at 2 n.2.)

- Dean Koelle required a self-study report from plaintiff in 2003, although the CBA did not require a self-study report until 2007. (Compl. ¶ 7(a).) To determine the truth of this allegation, the fact-finder must examine the requirements in Article VIII(B)(1)(c) & (d) of the CBA (*see* Neronha Aff. Ex. A at 26-27), which govern the timing of evaluation, re-evaluation, and self-study report for tenured faculty members, and determine whether those requirements were met.

- Dean Koelle denied Plaintiff's requests to teach advanced courses. (Compl. ¶ 7(b).) A determination as to the truth of this allegation will require interpretation of the CBA Article VII(A)(6), which states that the Dean has the discretion to assign courses to faculty members. (Neronha Aff. Ex. A at 12.)

- Dean Koelle provided Plaintiff with "erroneous instructions" as to the self-study report and required him to follow a format with was not in accordance with the CBA. (Compl. ¶ 7(d).) The CBA, however, contains detailed information about the format and topics to be addressed in a self-study report. (Neronha Aff. Ex. A at 29 & 86-88.) To determine whether any instruction or requirement instituted by Dean Koelle was not in compliance with the CBA, a fact-finder will need to examine and interpret the CBA insofar as it concerns the format and content of a self-study report and compare it to the information provided by the Dean.

Thus, not only does the overall propriety of Plaintiff's termination depend on an interpretation of the CBA, but each act which Plaintiff alleges contributed to that termination also depend on an interpretation of the CBA.[3] Thus, the claim is preempted by § 301. The Court should therefore deny remand to state court and dismiss the Complaint.

**<u>Conclusion</u>**

For all of the above reasons set forth above and in the Memorandum in Support of Defendant's Motion to Dismiss, the Court should: (a) deny Plaintiff's Motion to Remand this case to the Rhode Island Superior Court; (b) grant Defendant's Motion to Dismiss and dismiss

---

[3] Plaintiff attempts to distinguish the cases cited by Defendant to support that intentional interference claims with contract claims brought against a supervisor in a unionized setting are preempted by § 301 by broadly stating that those cases necessarily required interpretation of a collective bargaining agreement. (Pl.'s Mem. at 8.) This is neither convincing nor accurate -- as set forth above and in Defendant's moving memorandum, this case also requires interpretation of the CBA. Moreover, in those cases where both the employer and the supervisor were defendants, the intentional interference with contract claim was brought only against the supervisor. *See, e.g.*, M*agerer v. John Sexton & Co.*, 912 F.2d 525, 527, 530-31 (1st Cir. 1990); *Acciavatti v. Professional Servs. Group*, 982 F. Supp. 69, 76 (D. Mass. 1997). Thus, Plaintiff is unable to distinguish the cases cited by Defendant and they are certainly valid precedent to establish that Plaintiff's claim for intentional interference with the CBA against his supervisor, Dean Koelle, is preempted by § 301.

Plaintiff's Complaint in its entirety with prejudice; and (c) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

RUTH A. KOELE

By her attorneys,

MORGAN, BROWN, & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

*/s/ Joseph P. McConnell*
Joseph P. McConnell (No. 5086)

Dated: January 3, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Peter J. Cerilli, Esq., by filing of this document through the court Electronic Case Filing and Notice of Electronic Filing systems on this 3rd day of January 2007.

*/s/ Joseph P. McConnell*